**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4264

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT F. FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00004-TSK-MJA-1)

Submitted:  March 11, 2025                          Decided:  March 13, 2025

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Shawn A. Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Brandon S. Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight F. Foster, a federal prisoner, appeals his convictions following a jury trial for assaulting a correctional officer, in violation of 18 U.S.C. § 111(a)(1), and possessing a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(3).  On appeal, Foster argues that the convictions are not supported by sufficient evidence and that the district court erred by allowing repetitive cross-examination and admitting impermissible propensity evidence.  We affirm.

"We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence."  *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023).  "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted).  In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor."  *Id.* at 404 (internal quotation marks omitted).  "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear."  *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted).

Here, two correctional officers testified that, during a routine pat-down search, one of the officers discovered a hard object in Foster's waistband.  That officer testified that when he grabbed that item, Foster grabbed the officer's hand and tried to pull it away.  The

2

officer testified that when he pulled the item—a glasses case containing a makeshift knife—out of Foster's waistband, Foster tried to turn around. The officers pushed Foster back against a wall, and Foster subsequently turned around and struck the officer who had been searching him. The altercation was recorded by a surveillance camera.

We conclude that this evidence was sufficient to support Foster's convictions. Although Foster highlights differences between his testimony and that of the officers regarding the altercation—namely regarding whether Foster was in possession of the glasses case and whether he struck the officers in self-defense—it is the jury, not this court, that "weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Caldwell*, 7 F.4th 191, 209 (4th Cir. 2021) (internal quotation marks omitted). We decline to second-guess the jury's assessment of the evidence.

Foster also argues that the district court erred by allowing repetitive cross examination and admitting propensity evidence in the form of testimony about how many prior convictions Foster had. The trial transcript, however, shows the parties ultimately reached an agreement as to the number of convictions, and defense counsel explicitly agreed that the Government could ask Foster how many convictions he had. Accordingly, we conclude that the district court's admission of that evidence was not erroneous.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*